UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x

DIEGO MEJIA,

                  *Plaintiff*,

     -v.-

425 EAST 26TH STREET OWNERS CORP,
JERSEY PROPERTIES LLC, UNITED
MANAGEMENT CORP., ARTHUR WEINER and
MEIR BOUSKILA,

                  *Defendants.*

------------------------------------------------------------------------x

**ANSWER TO THE
COMPLAINT**

Case No. 1:23-cv-7259 (MMH)

        Defendants 425 East 26th Street Owners Corp. ("E 26th Street Owners"), Jersey Properties LLC ("Jersey Properties"), United Management Corp. ("United"), Arthur Weiner ("Weiner") and Meir Bouskila ("Bouskila," and, collectively with E 26th Street Owners, Jersey Properties, United and Weiner, the "Defendants"), by and through their attorneys, Clifton Budd & DeMaria, LLP, as and for their Answer to the Complaint in the above-captioned matter (the "Complaint"), and in support thereof, hereby set forth as follows:

## AS TO "NATURE OF THE ACTION"

        1.     Defendants deny each allegation set forth in Paragraph "1" of the Complaint, except aver that Plaintiff purports to proceed as set forth therein.

        2.     Defendants deny each allegation set forth in Paragraph "2" of the Complaint, except admit that, from on or about July 2016 through on or about December 7, 2020, Plaintiff performed work at buildings located at 425 East 26th Street, Brooklyn, NY 11226 (the "East 26th Street Property"), and at 351 and 355 Fifth Avenue, Brooklyn, NY 11226.

        3.     Defendants deny each allegation set forth in Paragraph "3" of the Complaint.

4.      Defendants deny each allegation set forth in Paragraph "4" of the Complaint.

5.      Defendants deny each allegation set forth in Paragraph "5" of the Complaint.

6.      Defendants deny each allegation set forth in Paragraph "6" of the Complaint.

7.      Defendants deny each allegation set forth in Paragraph "7" of the Complaint.

8.      Defendants deny each allegation set forth in Paragraph "8" of the Complaint.

9.      Defendants deny each allegation set forth in Paragraph "9" of the Complaint.

10.      Defendants deny the allegations set forth in Paragraph "10" of the Complaint.

11.      Defendants deny each allegation set forth in Paragraph "11" of the Complaint.

## AS TO "JURISDICTION AND VENUE"

12.      No response is required to the extent the allegations set forth in Paragraph "12" of the Complaint state conclusions of law. To the extent a response is required, the Defendants deny each allegation set forth in Paragraph "12" of the Complaint, except aver that Defendants do not dispute jurisdiction with respect to Plaintiff's federal claims.

13.     No response is required to the extent the allegations set forth in Paragraph "16" of the Complaint state conclusions of law. To the extent a response is required, the Defendants deny each allegation set forth in Paragraph "13" of the Complaint.

14.     No response is required to the extent the allegations set forth in Paragraph "14" of the Complaint state conclusions of law. To the extent a response is required, the Defendants deny each allegation set forth in Paragraph "14" of the Complaint, except aver that Defendants do not dispute that venue is proper.

## AS TO "THE PARTIES"

15.     Defendants admit each allegation set forth in Paragraph "15" of the Complaint.

16.     No response is required to the extent the allegations set forth in Paragraph "16" of the Complaint state conclusions of law. To the extent a response is required, Defendants deny each allegation set forth in Paragraph "16" of the Complaint.

17.     Defendants deny each allegation set forth in Paragraph "17" of the Complaint.

18.     Defendants deny each allegation set forth in Paragraph "18" of the Complaint.

19.     Defendants deny each allegation set forth in Paragraph "19" of the Complaint, except admit that East 26th Street Owners is a domestic business corporation, organized and existing under the laws of the State of New York.

20.     Defendants admit each allegation set forth in Paragraph "20" of the Complaint.

21.     Defendants admit each allegation set forth in Paragraph "21" of the Complaint.

22.     Defendants deny each allegation set forth in Paragraph "22" of the Complaint.

23.     Defendants deny each allegation set forth in Paragraph "23" of the Complaint.

24.     No response is required to the extent the allegations set forth in Paragraph "24" of the Complaint state conclusions of law. To the extent a response is required, Defendants deny each allegation set forth in Paragraph "24" of the Complaint.

25.     No response is required to the extent the allegations set forth in Paragraph "25" of the Complaint state conclusions of law. To the extent a response is required, Defendants deny each allegation set forth in Paragraph "25" of the Complaint.

26.     No response is required to the extent the allegations set forth in Paragraph "26" of the Complaint state conclusions of law. To the extent a response is required, Defendants deny each allegation set forth in Paragraph "26" of the Complaint.

27.     Defendants deny each allegation set forth in Paragraph "27" of the Complaint, except admit that Jersey Properties is a domestic business corporation, organized and existing under the laws of the State of New York.

28.     Defendants deny each allegation set forth in Paragraph "28" of the Complaint.

29.     Defendants deny each allegation set forth in Paragraph "29" of the Complaint, except admit that the buildings located at 351 and 355 Fifth Avenue are residential buildings with six residential units each.

30.     No response is required to the extent the allegations set forth in Paragraph "30" of the Complaint state conclusions of law. To the extent a response is required, Defendants deny each allegation set forth in Paragraph "30" of the Complaint.

31.     No response is required to the extent the allegations set forth in Paragraph "31" of the Complaint state conclusions of law. To the extent a response is required, Defendants deny each allegation set forth in Paragraph "31" of the Complaint.

32.     No response is required to the extent the allegations set forth in Paragraph "32" of the Complaint state conclusions of law.  To the extent a response is required, Defendants deny each allegation set forth in Paragraph "32" of the Complaint.

33.     Defendants deny each allegation set forth in Paragraph "33" of the Complaint.

34.     Defendants deny each allegation set forth in Paragraph "34" of the Complaint, except admit that United is a domestic business corporation, organized and existing under the laws of the State of New York, and United maintains a principal place of business at 166 Montague Street, Brooklyn, NY 11201.

35.     Defendants deny each allegation set forth in Paragraph "35" of the Complaint, except admit that United acted as managing agent for the buildings located at 351 Fifth Avenue and 355 Fifth Avenue, Brooklyn, New York 11215 at all times relevant to the allegations herein.

36.     No response is required to the extent the allegations set forth in Paragraph "36" of the Complaint state conclusions of law.  To the extent a response is required, Defendants deny each allegation set forth in Paragraph "36" of the Complaint.

37. No response is required to the extent the allegations set forth in Paragraph "37" of the Complaint state conclusions of law. To the extent a response is required, Defendants deny each allegation set forth in Paragraph "37" of the Complaint.

38. Defendants deny each allegation set forth in Paragraph "38" of the Complaint.

39. Defendants deny each allegation set forth in Paragraph "39" of the Complaint.

40. Defendants deny each allegation set forth in Paragraph "40" of the Complaint.

41. Defendants deny each allegation set forth in Paragraph "41" of the Complaint, except admit that Weiner and Bouskila reside in the State of New York.

42. Defendants deny each allegation set forth in Paragraph "42" of the Complaint.

43. Defendants deny each allegation set forth in Paragraph "43" of the Complaint.

44. Defendants deny each allegation set forth in Paragraph "44" of the Complaint.

45. Defendants deny each allegation set forth in Paragraph "45" of the Complaint.

46. No response is required to the extent the allegations set forth in Paragraph "46" of the Complaint state conclusions of law. To the extent a response is required, Defendants deny each allegation set forth in Paragraph "46" of the Complaint.

47.     No response is required to the extent the allegations set forth in Paragraph "47" of the Complaint state conclusions of law.  To the extent a response is required, Defendants deny each allegation set forth in Paragraph "47" of the Complaint.

48.     Defendants deny each allegation set forth in Paragraph "48" of the Complaint.

49.     No response is required to the extent the allegations set forth in Paragraph "49" of the Complaint state conclusions of law.  To the extent a response is required, Defendants deny each allegation set forth in Paragraph "49" of the Complaint.

50.     Defendants deny each allegation set forth in Paragraph "50" of the Complaint.

51.     Defendants deny each allegation set forth in Paragraph "51" of the Complaint.

52.     Defendants deny each allegation set forth in Paragraph "52" of the Complaint.

53.     Defendants deny each allegation set forth in Paragraph "53" of the Complaint.

54.     Defendants deny each allegation set forth in Paragraph "54" of the Complaint.

55.     Defendants deny each allegation set forth in Paragraph "55" of the Complaint.

56.     Defendants deny each allegation set forth in Paragraph "56" of the Complaint.

57. Defendants deny each allegation set forth in Paragraph "57" of the Complaint.

58. Defendants deny each allegation set forth in Paragraph "58" of the Complaint.

59. Defendants deny each allegation set forth in Paragraph "59" of the Complaint.

60. Defendants deny each allegation set forth in Paragraph "60" of the Complaint.

## AS TO "FACTUAL ALLEGATIONS"

61. Defendants deny each allegation set forth in Paragraph "61" of the Complaint.

62. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in Paragraph "62" of the Complaint.

63. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in Paragraph "63" of the Complaint.

64. Defendants deny each allegation asserted in Paragraph "64" of the Complaint, except admit that Hector Guzman was employed by East 26th Street Owners at all times relevant to the allegations in the Complaint.

65. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in Paragraph "65" of the Complaint.

66. Defendants deny each allegation asserted in Paragraph "66" of the Complaint, except admit that Hugo Barrios was employed by United Management at all times relevant to the allegations in the Complaint.

67.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in Paragraph "67" of the Complaint.

68.     Defendants deny the allegations asserted in Paragraph "67" of the Complaint.

69.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in Paragraph "69" of the Complaint.

70.     Defendants deny the allegations asserted in Paragraph "70" of the Complaint.

71.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in Paragraph "71" of the Complaint.

72.     Defendants deny the allegations asserted in Paragraph "72" of the Complaint.

73.     Defendants deny the allegations asserted in Paragraph "73" of the Complaint.

74.     Defendants deny the allegations asserted in Paragraph "74" of the Complaint.

75.     Defendants deny the allegations asserted in Paragraph "75" of the Complaint, except admit that East 26th Street Owners owns the residential building located at 425 East 26th Street, Brooklyn, NY 11201.

76.     Defendants deny the allegations asserted in Paragraph "76" of the Complaint, except admit that Jersey Properties owns the residential buildings located at 351 and 355 Fifth Avenue, Brooklyn, NY.

77.     Defendants deny the allegations asserted in Paragraph "77" of the Complaint, except admit that United Management manages the residential buildings located 425 East 26th Street, 351 and 355 Fifth Avenue, Brooklyn, NY at all times relevant to the allegations in the Complaint.

78.     Defendants deny each allegation asserted in Paragraph "78" of the Complaint.

79.     Defendants deny each allegation asserted in Paragraph "79" of the Complaint.

80.     Defendants deny each allegation asserted in Paragraph "80" of the Complaint.

81.     Defendants deny each allegation asserted in Paragraph "81" of the Complaint.

82.     Defendants deny each allegation asserted in Paragraph "82" of the Complaint.

83.     Defendants deny each allegation asserted in Paragraph "83" of the Complaint.

84.     Defendants deny each allegation asserted in Paragraph "84" of the Complaint.

85.     Defendants deny each allegation asserted in Paragraph "85" of the Complaint.

86.     Defendants deny each allegation asserted in Paragraph "86" of the Complaint.

87.     Defendants deny each allegation asserted in Paragraph "87" of the Complaint.

88.     Defendants deny each allegation asserted in Paragraph "88" of the Complaint.

89.     Defendants deny each allegation asserted in Paragraph "89" of the Complaint.

90.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of each allegation asserted in Paragraph "90" of the Complaint.

91.     Defendants deny each allegation asserted in Paragraph "91" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth or falsity of any allegation concerning the sum and substance of alleged conversations between Mejia and Barrios.

92.     Defendants deny each allegation asserted in Paragraph "92" of the Complaint.

93.     Defendants deny each allegation asserted in Paragraph "93" of the Complaint.

94.     Defendants deny each allegation asserted in Paragraph "94" of the Complaint.

95.     Defendants deny each allegation asserted in Paragraph "95" of the Complaint.

96.     Defendants deny each allegation asserted in Paragraph "96" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth or

falsity of any allegation concerning the sum and substance of alleged conversations between Mejia and Barrios.

97.     Defendants deny each allegation asserted in Paragraph "97" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth or falsity of any allegation concerning the sum and substance of alleged conversations between Mejia and Barrios.

98.     Defendants deny each allegation asserted in Paragraph "98" of the Complaint.

99.     Defendants deny each allegation asserted in Paragraph "99" of the Complaint.

100.    Defendants deny each allegation asserted in Paragraph "100" of the Complaint.

101.    Defendants deny each allegation asserted in Paragraph "101" of the Complaint.

102.    Defendants deny each allegation asserted in Paragraph "102" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth or falsity of any allegation concerning the sum and substance of alleged conversations between Mejia and Barrios.

103.    Defendants deny each allegation asserted in Paragraph "103" of the Complaint.

104.    Defendants deny each allegation asserted in Paragraph "104" of the Complaint.

105.     Defendants deny each allegation asserted in Paragraph "105" of the Complaint.

106.     Defendants deny each allegation asserted in Paragraph "106" of the Complaint.

107.     Defendants deny each allegation asserted in Paragraph "107" of the Complaint.

108.     Defendants deny each allegation asserted in Paragraph "108" of the Complaint.

109.     Defendants deny each allegation asserted in Paragraph "109" of the Complaint.

110.     Defendants deny each allegation asserted in Paragraph "110" of the Complaint.

111.     Defendants deny each allegation asserted in Paragraph "111" of the Complaint.

112.     Defendants deny each allegation asserted in Paragraph "112" of the Complaint.

## ANSWERING THE "FIRST CLAIM FOR RELIEF"

113.     Defendants repeat and re-allege their responses set forth in Paragraphs "1" through "112" as if fully set forth herein.

114.     Defendants deny each allegation asserted in Paragraph "114" of the Complaint.

115.     Defendants deny each allegation asserted in Paragraph "115" of the Complaint.

116.     Defendants deny each allegation asserted in Paragraph "116" of the Complaint.

117.     Defendants deny each allegation asserted in Paragraph "117" of the Complaint.

118.     Defendants deny each allegation asserted in Paragraph "118" of the Complaint.

## ANSWERING THE "SECOND CLAIM FOR RELIEF"

119.     Defendants repeat and re-allege their responses set forth in Paragraphs "1" through "118" as if fully set forth herein.

120.     Defendants deny each allegation asserted in Paragraph "120" of the Complaint.

121.     Defendants deny each allegation asserted in Paragraph "121" of the Complaint.

122.     Defendants deny each allegation asserted in Paragraph "122" of the Complaint.

123.     Defendants deny each allegation asserted in Paragraph "123" of the Complaint.

124.     Defendants deny each allegation asserted in Paragraph "124" of the Complaint.

125.     Defendants deny each allegation asserted in Paragraph "125" of the Complaint.

126.     Defendants deny each allegation asserted in Paragraph "126" of the Complaint.

## ANSWERING THE "THIRD CLAIM FOR RELIEF"

127.     Defendants repeat and re-allege their responses set forth in Paragraphs "1" through "126" as if fully set forth herein.

128.     Defendants deny each allegation asserted in Paragraph "128" of the Complaint.

129.     Defendants deny each allegation asserted in Paragraph "129" of the Complaint.

130.     Defendants deny each allegation asserted in Paragraph "130" of the Complaint.

131.     Defendants deny each allegation asserted in Paragraph "131" of the Complaint.

## ANSWERING THE "FOURTH CLAIM FOR RELIEF"

132.     Defendants repeat and re-allege their responses set forth in Paragraphs "1" through "131" as if fully set forth herein.

133.     Defendants deny each allegation asserted in Paragraph "133" of the Complaint.

134.     Defendants deny each allegation asserted in Paragraph "134" of the Complaint.

135.     Defendants deny each allegation asserted in Paragraph "135" of the Complaint.

136.     Defendants deny each allegation asserted in Paragraph "136" of the Complaint.

137.     Defendants deny each allegation asserted in Paragraph "137" of the Complaint.

138.     Defendants deny each allegation asserted in Paragraph "138" of the Complaint.

139.     Defendants deny each allegation asserted in Paragraph "139" of the Complaint.

140.     Defendants deny each allegation asserted in Paragraph "140" of the Complaint.

141.     Defendants deny each allegation asserted in Paragraph "141" of the Complaint.

## ANSWERING THE "FIFTH CLAIM FOR RELIEF"

142.     Defendants repeat and re-allege their responses set forth in Paragraphs "1" through "141" as if fully set forth herein.

143.     Defendants deny each allegation asserted in Paragraph "143" of the Complaint.

144.     Defendants deny each allegation asserted in Paragraph "144" of the Complaint.

145.     Defendants deny each allegation asserted in Paragraph "145" of the Complaint.

146.     Defendants deny each allegation asserted in Paragraph "146" of the Complaint.

147.     Defendants deny each allegation asserted in Paragraph "147" of the Complaint.

148.     Defendants deny each allegation asserted in Paragraph "148" of the Complaint.

## ANSWERING THE "SIXTH CLAIM FOR RELIEF"

149.     Defendants repeat and re-allege their responses set forth in Paragraphs "1" through "148" as if fully set forth herein.

150.     Defendants deny each allegation asserted in Paragraph "150" of the Complaint.

151.     Defendants deny each allegation asserted in Paragraph "151" of the Complaint.

152.     Defendants deny each allegation asserted in Paragraph "152" of the Complaint.

153.     Defendants deny each allegation asserted in Paragraph "153" of the Complaint.

154.     Defendants deny each allegation asserted in Paragraph "154" of the Complaint.

155.     Defendants deny each allegation asserted in Paragraph "155" of the Complaint.

## ANSWERING THE PRAYER FOR RELIEF

156.     Deny that Plaintiff is entitled to the relief set forth in this section of the Complaint or to any relief from the Defendants or any of them.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

157.     The Complaint, in whole or in part, fails to state a claim against Defendants upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

158.    Plaintiff's claims are barred to the extent Plaintiff did not work more than forty (40) hours in any given workweek and, therefore, would not be entitled to overtime under the FLSA and/or NYLL.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

159.    Plaintiff is precluded from recovering any amounts from Defendants where the respective Defendant has paid Plaintiff all sums legally due under the FLSA and NYLL, and/or their implementing regulations.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

160.    At all times relevant to the acts alleged in the Complaint, Defendants acted in good faith and had reasonable grounds for believing that its pay practices complied with the FLSA and/or the NYLL.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

161.    To the extent Defendants or any of them are found to have violated FLSA and/or NYLL (and Defendants expressly deny any such violation), any such violation is inadvertent or the product of neglect, and was not willful.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

162.    To the extent any Defendant was required to keep records or provide Plaintiff with notices pursuant to NYLL § 195, the respective Defendant complied with such requirements, and even if such records were missing or incomplete, or if Plaintiff was not provided with a notice required by that Section, Plaintiff's claims are barred because the respective Defendant made complete and timely payment of all wages due to Plaintiff under the NYLL.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

163.     The Complaint and each of its causes of action are barred, in whole or part, by the applicable statute of limitations.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

164.     The Complaint, in whole or in part, may be barred by the doctrines of waiver, release, estoppel, unclean hands and/or laches, or any combination of these doctrines.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

165.     At all times relevant to the acts alleged in the Complaint, Defendants' actions were reasonable, proper, lawful, made in good faith, and without malice.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

166.     Plaintiff's claims are barred, in whole or in part, because the work alleged to be unpaid is not compensable time under applicable law, including time traveling to and from the actual place of performance of the principal activities which plaintiff is employed to perform, and for activities that were preliminary, postliminary, or *de minimis*.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

167.     Some or all of Plaintiff's claimed hours worked were outside the scope of his employment.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

168.     Defendants are entitled to a set-off for all monies paid to plaintiff for any hours not worked.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

169.     The Court lacks subject matter jurisdiction over the Defendants for any claims not arising under the laws of the United States.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

170. Plaintiff is not entitled to liquidated damages under the FLSA.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

171. Plaintiff is not entitled to liquidated damages under the NYLL.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

172. Defendants are not "enterprises" covered by the FLSA.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

173. Defendants did not operate as a single integrated enterprise, and/or are not a joint employer for the purposes of the FLSA or the NYLL.

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

174. Without discovery, Defendants cannot determine the extent to which Plaintiff' claims may be barred by any remaining affirmative or other defenses. Thus, as separate and alternative defenses to the Complaint, Defendants reserve their right to assert all affirmative and other defenses as appropriate.

**WHEREFORE**, having fully answered, Defendants pray that:

a. The Complaint be dismissed in its entirety with prejudice, and judgment entered in favor of Defendants;

b. Defendants recover their costs and expenses of litigation, including attorneys' fees, from Plaintiff; and

b. Defendants are awarded such other and further relief as may be just and proper.

Dated:      New York, New York      CLIFTON BUDD & DeMARIA, LLP
              December 18, 2023         *Attorneys for Defendants*

By:  _____
      Stephen P. Pischl, Esq.
      The Empire State Building
      350 Fifth Avenue Suite 6110
      New York, NY 10118
      (212) 687-7410 (tel)
      sppischl@cbdm.com

To:    <u>Via ECF</u>
      NEW YORK LEGAL ASSISTANCE GROUP
      *Attorneys for the Plaintiff*
      Elissa S. Devins
      100 Pearl Street, 19th Floor
      New York, New York 10004
      (646) 283-4175 (tel)
      Devins@nylag.org