# CLIFTON BUDD & DEMARIA, LLP
## ATTORNEYS AT LAW

THE EMPIRE STATE BUILDING  
350 FIFTH AVENUE, 61ST FLOOR  
NEW YORK, NY 10118

TEL 212.687.7410  
FAX 212.687.3285  
WWW.CBDM.COM

January 21, 2025

**VIA ECF**  
Hon. Lara K. Eshkenazi, U.S.M.J.  
United States District Court  
Eastern District of New York  
225 Cadman Plaza East, Courtroom N322  
Brooklyn, NY 11201

      Re:    *D. Mejia v. 425 E. 26th Street Owners Corp., et al.*,  
              Case No. 1:23-cv-07259-LDH-LKE

Dear Judge Eshkenazi:

      This firm represents the Defendants in the above-referenced action. Pursuant to Section III.B of Your Honor's Individual Practice Rules, we write to respectfully request a stay of further discovery pending the outcome of the settlement conference currently scheduled before this Court at 2:00 pm on Monday, March 3, 2025. Defendants further request that, should the Parties be unable to resolve their dispute during the conference, that the Parties be directed to confer and propose a new schedule within which to conclude any outstanding fact discovery.

      Defendants note that the upcoming settlement conference has been adjourned twice on Plaintiff's application, from an originally scheduled date of November 19, 2024. *See* Dkts. 22, 24. As specified in Plaintiff's initial application, the Parties had agreed to complete certain discovery—which included, *inter alia*, taking the depositions of Plaintiff and two defendant fact-witnesses identified by Plaintiff's counsel—the outcome of which the Parties anticipated would facilitate a more productive settlement conference. *See* Dkt. 22. While the Parties did complete the agreed-upon depositions by December 19, 2024, given the holidays and the end of the calendar year, the transcripts of this testimony were not yet available in the week before the rescheduled settlement conference, and Plaintiff proposed a brief second adjournment, purely to permit incorporation of this testimony into any pre-mediation submissions. *See* Dkt. 24.

      While this Court granted the application for a second adjournment, the Court was unavailable on the three mid-January dates proposed by the Parties. Instead, this Court rescheduled the conference for March 3, 2025. While Defendants appreciate that the Court has adjourned the conference consistent with its limited availability, as a practical matter, the rescheduled appearance will now be held more than six weeks later than either Party anticipated at the time of the second application, and, critically, after the deadline now in effect for the Parties to complete fact-discovery, presently scheduled for completion by Friday, February 28, 2025.

**CLIFTON BUDD & DEMARIA, LLP**

Hon. Lara K. Eshkenazi, U.S.M.J.
January 21, 2025
Page 2

      In the interest of fairness, to ensure that both Parties are in the same position with respect to the settlement conference that they would have been had it taken place earlier this month as anticipated, and to avoid potentially significant litigation costs and expenses (both of which, notably, accrue primarily to the Defendants, and may impede resolution), Defendants ask that the Court exercise its discretion to temporarily stay the proceedings under FED. R. CIV. P. 26 pending the outcome of the already scheduled March 3rd settlement conference.

      Pursuant to FED. R. CIV. P. 26(c), a district court may stay discovery for "good cause shown." *United States v. County of Nassau*, 188 F.R.D. 187, 188 (E.D.N.Y.1999). FED. R. CIV. P. 26(d) also permits a Court "to control the sequence and timing of discovery," particularly where resolution of a preliminary matter may decide the entire case. *See Thrower v. Pozzi*, No. 99-cv-5871-GBD, 2002 WL 91612, at *7 (S.D.N.Y. Jan. 24, 2002) (*citing Association Fe Y Allegria v. Republic of Ecuador*, No. 98-cv-8650-BSJ, 1999 WL 147716, at *1 (S.D.N.Y. Mar. 16, 1999). A court determining whether to grant a stay of discovery "must look to the particular circumstances and posture of each case." *Roper v. City of New York*, No. 15-cv-8899-PAE-GWG, 2017 WL 462270, at *1 (S.D.N.Y. Jan. 25, 2017) (*quoting Alford v. City of New York*, No. 11-cv-622-ERK-MDG, 2012 WL 947498, at *1 (E.D.N.Y. Mar. 20, 2012)).

      Here, Defendants contend that the circumstances more than satisfy their burden to show good cause for the limited stay they now seek.

      In the spirit of conciliation, Defendants consented to Plaintiff's January 2nd application to briefly adjourn the conference scheduled for earlier this month, for the limited purpose of ensuring that transcripts of depositions that the Parties had recently completed could be available for use during their negotiations. *See* Dkt. 24. However, the more than six-week adjournment actually granted by this Court, beyond the close of fact-discovery, was plainly not anticipated by any Party. *See id*. Indeed, had Plaintiff not sought this second adjournment, or had the session been rescheduled for mid-January as requested, the instant application would have been entirely moot: as of this writing, the conference would have already been held, no discovery beyond what has already been completed would have (or could have!) been taken by either side, nor could any additional litigation costs been incurred beyond those already accrued to date.

      Defendants' current application for a limited, temporary stay thus merely seeks to preserve the pre-adjournment status quo and limits any unintended consequences of the conference's rescheduling. Again, and as a reality of both the nature of the Parties' respective representations and the types of claims presented, the burden and cost of additional discovery are not borne equally, and such costs primarily accrue to Defendants' detriment. It would be patently unfair for Defendants to be exposed to significant additional costs—costs that may

CLIFTON BUDD & DEMARIA, LLP

Hon. Lara K. Eshkenazi, U.S.M.J.
January 21, 2025
Page 3

prove totally unnecessary should the conference be successful and the matter be resolved—as a consequence of circumstances not of their making and outside of their control.

In contrast, Plaintiff will not be prejudiced by the limited stay of discovery proposed by Defendants. The present application affects only the timing of further discovery; it does not seek relief from that discovery. Defendants acknowledge that certain further discovery will remain outstanding should the parties fail to resolve their dispute at the March 3rd settlement conference, and do not object to an Order directing the parties to confer and propose a reasonable schedule on consent, not to exceed sixty days, to complete any such discovery to the Parties' satisfaction.

Nor is a limited delay of approximately six weeks unduly burdensome in light of the Parties' progress in discovery to date. The Parties have made significant disclosures since the first Scheduling Order was entered in this matter on August 14, 2024.[1] Since that time, the Parties have taken three witness depositions, including Plaintiff's testimony; if the stay is granted and the conference does not resolve the dispute, the Parties seem to be on track to conclude all other outstanding discovery within a few short months of the scheduled settlement conference. Any minimal delay occasioned by the six-week stay now sought by Defendants is not meaningful in light of the Parties' progress in discovery to date.

Plaintiff also cannot credibly claim that he does not have sufficient information to productively participate in the upcoming settlement conference without further disclosures. There can be no meaningful dispute that the specific discovery that the Parties had agreed to undertake to facilitate this very settlement conference was completed before the end of December of last year, *see* Dkt. 24, and the Parties had been otherwise prepared to participate in a conference as early as last week. *Id*. Moreover, the proposed stay potentially also benefits Plaintiff as well; should the Parties' negotiations during the settlement conference prove successful, *both* sides will have avoided potentially needless efforts, wasted time and unnecessary costs.

As a practical matter, it is extremely unlikely that the transcripts of any further depositions yet to be noticed in this matter would actually be available prior to the March 3rd settlement conference, nor would they meaningfully change the Parties' likelihood of success in their negotiations. Although Plaintiff's counsel has indicated his intent to notice at least three additional depositions, as of this writing, no such notices have actually been served. Assuming

---

[1]     This matter was determined eligible for this Court's alternative dispute resolution program, and discovery was thereby stayed, outside certain, limited pre-mediation disclosures, via Order entered January 10, 2024. *See* Dkt. 16. Although a private mediation session was unsuccessful, and the Parties jointly proposed a joint discovery schedule in May of 2024, no conference was held, nor Discovery Plan and Scheduling Order entered, until August of 2024. *See* Dkt. 21.

**CLIFTON BUDD & DEMARIA, LLP**

Hon. Lara K. Eshkenazi, U.S.M.J.
January 21, 2025
Page 4

notices were served this week on "reasonable," twenty-day advance lead time, they could not be held until, at the earliest,[2] the nine business days immediately preceding the conference. There is simply no good faith basis to rush to complete those depositions, potentially needlessly so, when they could be taken a mere two weeks later, if the Parties' efforts at conciliation prove unsuccessful.

Finally, even should the stay of discovery be granted, the Parties will not be idle in the weeks leading up to the scheduled settlement conference. Consistent with this Court's rules, the Parties' counsel are already obligated to exchange pre-conference settlement demands no later than Friday, February 21, and Monday, February 24, respectively. Defendants would agree to earlier dates for this exchange, potentially Tuesday, January 28, and Friday, January 31, to the extent that might be helpful in focusing the Parties' efforts on conciliation in the weeks leading up to the rescheduled conference.

Consistent with Section III.B.1 of Your Honor's Individual Practice Rules, counsel for the Parties conferred regarding the instant stay application via phone call and follow up email communications on Friday, January 17. Plaintiff did not consent to the proposed stay, stating his belief that further discovery will only aid the parties in reaching settlement, both before and during the conference.

Again, Defendants contend that fundamental fairness, and a balancing any respective prejudices, strongly favors a stay under these circumstances.

We thank the Court for its consideration of this request.

Respectfully Submitted,

CLIFTON BUDD & DEMARIA, LLP
*Attorneys for Defendants*

By:   Stephen P. Pischl | Partner

cc:   **VIA ECF**
      NEW YORK LEGAL ASSISTANCE GROUP
      *Attorneys for the Plaintiff*
      Mel Gonzalez
      Elissa S. Devins

---

[2] As counsel for Plaintiff is aware, the undersigned will be out of the country between Saturday, February 8, and Sunday, February 16, and Monday, February 17 is a federal and state holiday.