# CLIFTON BUDD & DEMARIA, LLP
## ATTORNEYS AT LAW

THE EMPIRE STATE BUILDING
350 FIFTH AVENUE, 61ST FLOOR
NEW YORK, NY 10118

TEL 212.687.7410
FAX 212.687.3285
WWW.CBDM.COM

January 23, 2025

**VIA ECF**
Hon. Lara K. Eshkenazi, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East, Courtroom N322
Brooklyn, NY 11201

   Re: *D. Mejia v. 425 E. 26th Street Owners Corp., et al.*,
      Case No. 1:23-cv-07259-LDH-LKE

Dear Judge Eshkenazi:

  This firm represents the Defendants in the above-referenced action.

  Via Order, entered January 22, 2025, this Court has temporarily stayed discovery pending the settlement conference scheduled for March 3, 2025. Plaintiff, through counsel, has submitted what has been styled as "Reply in Opposition to Defendants' Motion to Stay Discovery," *see* Dkt. 26, apparently in response to this Court's duly entered Order.

  To the extent this submission is construed as an attempt to seek relief from (or reconsideration of) any Order of this Court, either the January 3rd Order re-scheduling a settlement conference for March 3, 2025, or the January 22nd Order temporarily staying discovery pending the outcome of that conference, it fails to comply with Rules 54 and 60 of the FED. R. CIV. P., as well as the requirements of Local Civil Rule 6.3. This submission likewise fails to demonstrate compliance with this Court's meet-and-confer requirement concerning disputes in discovery, Section III.B.1 of Your Honor's Individual Practice Rules. It should be summarily denied on those grounds alone.

  Notwithstanding these failures, the submission does not in any way speak to or address any of the grounds upon which Defendants sought a temporary stay: namely that, but for *Plaintiff's own application for a second adjournment* and this Court's unavailability on the dates proposed in that application, the Parties would have already attended the settlement conference, with precisely the same information and disclosures that are presently available to them both.

  Aside from scheduling the conference for a slightly later date than either Party anticipated, neither this Court's January 3rd Order nor the January 22nd Order materially alter the Parties' respective litigation positions, nor do they meaningfully impact the Parties' ability to timely complete discovery. At best, a stay preserves the Parties' respective positions as they were at the time of Plaintiff's own application. As this Court prudently held, a limited stay also

**CLIFTON BUDD & DEMARIA, LLP**

Hon. Lara K. Eshkenazi, U.S.M.J.
January 23, 2025
Page 2

avoids either side incurring unintended potential costs, including legal fees, that may prove unnecessary should the Parties either resolve or narrow issues in dispute during the Settlement Conference.

Defendants cannot make sense of how their request for, and this Court's grant of, a limited, temporary stay of discovery pending the outcome of the March 3rd settlement conference would or could alter Plaintiff's willingness to participate in that conference altogether, assuming that his two prior applications—which, again, sought mere adjournment of the conference, ostensibly to ensure his readiness to participate in the session productively—did in fact accurately state his position, and were made in good faith and with the appropriate candor due to this Court.

Again, Plaintiff received the adjournment he sought, albeit not on the timeline he expected. As this Court has already correctly determined, it would be wildly unfair for him to attempt to exploit this change in circumstance to his advantage, rather than participating in mediation as now rescheduled in the spirit of conciliation. This Court simply should not countenance the gamesmanship inherent in Plaintiff's transparently bad faith refusal to participate in a long-scheduled settlement conference, merely because the Court granted an application by his adversary that he opposed.

Finally, we must strenuously object to any inference in Plaintiff's January 22nd submission of inappropriate behavior by either Defendants or the undersigned. Plaintiff's characterization of the Parties' interactions to date is not only inaccurate, it is wildly unfair. At all times, the undersigned has engaged with Plaintiff's counsel with professionalism and courtesy, and in full adherence with the obligations embodied in, *inter alia*, Local Civil Rule 26.4.

What can perhaps charitably be described as Plaintiff's insinuations to the contrary—including twenty-two references to the undersigned, by name, in a six-page submission—are, at best, wildly inappropriate and, at worst, warrant admonishment. Plaintiff and his counsel should be directed to grant the undersigned the respect and professionalism due to him as an officer of this Court.

We thank the Court for its time and attention to this matter.

Respectfully Submitted,

CLIFTON BUDD & DEMARIA, LLP
*Attorneys for Defendants*

By:  Stephen P. Pischl | Partner

**CLIFTON BUDD & DEMARIA, LLP**

Hon. Lara K. Eshkenazi, U.S.M.J.
January 23, 2025
Page 3

cc: **VIA ECF**
    NEW YORK LEGAL ASSISTANCE GROUP
    *Attorneys for the Plaintiff*
    Mel Gonzalez
    Elissa S. Devins