

**VIA ECF**
Hon. Lara K. Eshkenazi, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East, Courtroom N322
Brooklyn, NY 11201

      Re:    *D. Mejia v. 425 E. 26th Street Owners Corp., et al.*,
             Case No. 1:23-cv-07259-LDH-LKE

Dear Judge Eshkenazi,

Plaintiff's counsel hereby responds to Defendants' "REPLY in Opposition re 26 Reply in Opposition" ("Defendants' Reply"), Dkt. 27. In the interest of brevity and clarity given the status of the current dispute and the Court's recent Scheduling Order, Plaintiff's counsel submits the following Surreply:

First, Defendants' Reply circumvents this Court's rules which require obtaining leave of court to submit such a reply. *See* III.B.2 ("Reply briefs are only permitted upon obtaining leave of Court."). Plaintiff's counsel respectfully requests this Court to accordingly remove Defendants' Reply from the docket or otherwise clarify the proper procedure to expeditiously adjudicate this dispute.

Secondly, Plaintiff's counsel acknowledges that this Court issued a ruling on Defendants' "Letter MOTION to Stay Further Discovery Pending Outcome of the Rescheduled March 3, 2025 Settlement Conference" ("Defendants' Motion to Stay), Dkt. 25, hours prior to Plaintiff's subsequent reply to Defendants' Reply. However, as explained in fn. 1 of Plaintiff's "REPLY in Opposition to Defendants' Motion to Stay Discovery" ("Plaintiff's Reply"), Dkt. 26, Plaintiffs were under the presumption, following this Court's rule, III.B.2., that "A response…must be

served and filed within three (3) days of receipt of the letter motion…" and therefore submitted his reply accordingly, despite having received the Court's Order granting Defendants' Motion to Stay. There was significant confusion regarding the appropriate procedure due to Plaintiff's understanding of the rules and the nature of Plaintiff's requests—i.e., Plaintiff was simultaneously opposing Defendants' Motion to Stay pursuant this Court's III.B.2 rule, and additionally requesting to withdraw from the voluntary settlement conference, which would render Defendants' motion moot. If this assessment was in error, Plaintiff respectfully requests his reply to be assessed as submitted pursuant to the appropriate rule regarding reconsideration motions, whether FED. R. CIV. P. 60 or Local Civil Rule 6.3. If requested, Plaintiff can resubmit the reply as a motion for reconsideration.

Contrary to Defendants' claim, and as Defendants themselves previously acknowledged in their Motion to Stay, the Parties did meet and confer regarding this dispute via phone call and e-mail communications on and around Friday, January 17. *See* Defendants' Motion to Stay, pg. 4 ("Consistent with Section III.B.1 of Your Honor's Individual Practice Rules, counsel for the Parties conferred regarding the instant stay application via phone call and follow up email communications on Friday, January 17. Plaintiff did not consent to the proposed stay, stating his belief that further discovery will only aid the parties in reaching settlement, both before and during the conference."). Plaintiff does not dispute this, and those interactions were of course the entire reason motivating Defendants' subsequent Motion to Stay rather than a joint stipulation. Dismissal of Plaintiff's Reply should therefore not be approved on those grounds.

Moreover, Defendants falsely articulate the nature of Plaintiff's prior adjournment applications, both of which, it must be emphasized, were mutually stipulated. Indeed all of the dates suggested were agreed to by both parties; therefore it's entirely misleading to characterize

those applications as anything other than mutual applications. To now argue their Motion to Stay based on those adjournment applications having been technically filed by Plaintiff is quite misleading; Defendants should not have stipulated to those applications were they in disagreement. Moreover, as explained in detail in Plaintiff's Reply, the first adjournment application arose out of contentious exchanges in which Plaintiff alleges Defendants attempted to renege on prior agreements, agreements made in front of this Court. As a consequence of the delay produced by Defendants' conduct there, the only option to effectuate the prior agreement was to seek an adjournment in order to conduct the agreed upon discovery.

  Plaintiff's Reply engaged in a thorough recounting of the events leading to this dispute to provide the entire context surrounding Plaintiff's request to withdraw from the settlement conference. Plaintiff believes this context demonstrates the impropriety and accumulating prejudice to Plaintiff arising from the conduct alleged therein. Moreover, not only does Plaintiff maintain that recent deposition testimony and other acquired evidence have significantly changed his settlement position, Plaintiff also contends that it is both inappropriate and unproductive for Defendants to mandate participation in a settlement conference and otherwise use the conference as a vehicle for further delays.

  Finally, as to Defendants' objections to Plaintiff's characterization of the events leading to this dispute, Plaintiff's counsel does not deny that professionalism and courtesy has been extended by both parties' counsel on the whole; however, the details presented in Plaintiff's Reply speak for themselves and remain uncontested with any specificity with regards to this particular dispute and the resulting harms to Plaintiff. Moreover, references to specific communications between counsel were necessary to concretely evidence the claims made, and serve that purpose alone. But to be clear, Plaintiff indeed believes that Defendants have engaged

in conduct seeking to obstruct Plaintiff's ability to properly litigate his claims and to engage in settlement negotiations on equal footing.

                                          Respectfully Submitted,
                                          New York Legal Assistance Group
                                          *Attorneys for Plaintiff*

                                By:    Mel Gonzalez

CC:    **<u>VIA ECF</u>**
        CLIFTON BUDD & DEMARIA, LLP
        Attorneys for the Defendants
        Stephen P. Pischl